**SIGNED.**

Dated: December 10, 2008

_____
**RANDOLPH J. HAINES**
**U.S. Bankruptcy Judge**
_____

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| MORTGAGES LTD., | ) | CASE NO. 2:08-bk-07465-RJH |
| Debtor. | ) | |
| NATIONAL RETAIL DEVELOPMENT PARTNERS I, LLC, | ) | ADVERSARY NO. 2:08-ap-00780-RJH |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS FOR FAILURE TO NAME AN INDISPENSABLE PARTY |
| ALAN J. MANESS, et al., | ) | |
| Defendants. | ) | |

This is a breach of contract action alleging that Mortgages Ltd. contracted to lend approximately $10 million to Plaintiff, National Retail Development Partners I, LLC ("NRDP"), and then breached that contract by failing to fund the entire balance.

The Complaint, however, does not name Mortgages Ltd. as the Defendant, undoubtedly because it is the debtor in a bankruptcy case pending before this Court. Instead, it names as Defendants a great number of individuals who have been generically referred to in the bankruptcy case as "investors." The Complaint alleges that each investor "defendant took an assignment of a proportionate interest in the construction loan agreement and the associated loan documents and assumed a proportionate share of the rights and obligations under the

1 various loan documents associated with the construction."[1]

2 Some of the Investor Defendants have moved to dismiss the Complaint on the
3 ground that Mortgages Ltd. is a required party under F.R.Civ.P. Rule 19, incorporated by
4 Bankruptcy Rule 7019. Because the Court concludes Mortgages Ltd. is not a required party
5 under Rule 19, the motion is denied.

6 First, for purposes of Rule 19(a)(1)(A), the Court finds and concludes that it can
7 accord complete relief among the existing parties. For these purposes, "complete relief" does
8 not require resolution of all potential liabilities arising from a transaction, but only that the
9 Plaintiff can be accorded all the relief sought in the Complaint. The Complaint alleges that the
10 Investor Defendants assumed only proportionate shares of the obligations under the various
11 loan documents, and seeks to establish the Defendants' liability only for their failure "to fund
12 their share of the loan." If the Investor Defendants have any such liability, that complete relief
13 can be accorded to the Plaintiff, to the extent sought in the Complaint, without the participation
14 of Mortgages Ltd. And because the liability of Mortgages Ltd. will have to be addressed
15 separately in the bankruptcy case, as proof of claim litigation or perhaps under a plan of
16 reorganization, this is not the kind of situation where the public interest requires the draconian
17 remedy of dismissal in order to achieve settlement of "the dispute as a whole," as Defendants
18 argue in their Reply based on *Pimentel*.[2]

---

[1] Although paragraph 3 of the Complaint makes this conclusory allegation that the investors "assumed" a share of the obligations under the various loan documents, paragraph 4 identifies only certain loan documents that were "assigned" to the defendants. Paragraph 3 may not qualify as a sufficient factual basis for the complaint because on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). And the allegation of assignment in paragraph 4 may not qualify as a sufficient allegation of assumption of obligations under Arizona law. *Norton v. First Federal Savings*, 128 Ariz. 176, 180-81, 624 P.2d 254 (1981)("We have stated, as a general principle, that an assignment of a contract does not operate to cast on the assignee liabilities imposed by the contract on the assignor."); *Anderson v. Southwest Savings and Loan Ass'n*, 117 Ariz. 246, 571 P.2d 1042 (App. Div. 1, 1977); *see also Gold Circle Stores v. Riviera Finance-East Bay, Inc.*, 540 F. Supp. 15, 17 (N.D. Cal. 1982). But on this particular motion to dismiss the court has not been asked to determine whether the complaint states a cause of action under the standard established by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

[2] *Republic of Phillipines v. Pimentel,* 128 S. Ct. 2180, 2193 (2008), discussed in Defendants' Reply at 6-7.

Second, for purposes of Rule 19(a)(1)(B), Mortgages Ltd. does not claim an interest in the subject of this action that it would be unable to protect absent joinder in this litigation, or that would impose on the Defendants a risk of multiple or inconsistent obligations. As to the latter point, the Defendants' motion to dismiss does not even attempt to argue that the Defendant Investors may be at risk of multiple or inconsistent obligations. It does not, for example, allege that Mortgages Ltd. contends the investors owe some obligations to Mortgages Ltd. with respect to the unfunded portion of the loan.

Defendants argue only the first prong of Rule 19(a)(1)(B), that failure to join Mortgages Ltd. will impair its ability to protect its interests. The argument is that a determination that the investors failed to fund their loan obligations may have *res judicata* or collateral estoppel effect on Mortgages Ltd. But since there is no allegation that the investors are acting as agents for Mortgages Ltd., rather than the other way around, it is difficult to conceive how a determination of the investors' liability could have any *res judicata* or collateral estoppel effect on a nonparty to the litigation. *See Taylor v. Sturgell*, 128 Sup. Ct. 2161 (2008). In fact, the Plaintiff's theory is that the assignment to the investors relieved Mortgages Ltd. of any obligation to perform, so the Plaintiff's victory on that theory should "not affect any of Mortgages Ltd.'s property."[3] And any such potential prejudice that might exist could be entirely avoided by protective provisions in the judgment, as specifically contemplated by Rule 19(b)(2) to avoid dismissal when joinder is not feasible.

In short, the plaintiff is "master of the complaint." This Plaintiff is entitled to seek relief only from some of the potential defendant investors, if the Plaintiff so chooses. The Complaint is not subject to dismissal simply because the Plaintiff did not seek to determine the liability of all potential defendants.

The motion to dismiss for failure to name an indispensable party is denied.

DATED AND SIGNED ABOVE

---

[3] Plaintiff's Motion to Remand at 7.

| | |
|---|---|
| 1 | Copy of the foregoing e-mailed this 10th day of December, 2008, to: |
| 2 | |
| 3 | Daryl M. Williams, Esq.<br>Craig M. LaChance, Esq.<br>Michael C. Blair, Esq. |
| 4 | Baird, Williams & Greer<br>Attorneys for Plaintiff |
| 5 | dwilliams@bwglaw.net<br>clachance@bwglaw.net |
| 6 | mblair@bwglaw.net |
| 7 | Mark Allen Nadeau, Esq.<br>DLA Piper LLP |
| 8 | Attorneys for Defendants<br>mark.nadeau@dlapiper.com |
| 9 | |
| 10 | Robert J. Odson, Esq.<br>DLP Piper LLP (US)<br>Attorneys for Defendants |
| 11 | robert.odson@dlapiper.com |
| 12 | Daxton R. Watson, Esq.<br>Mack Brucker & Watson PLLC |
| 13 | Attorneys for Defendants<br>dwatson@mackazlaw.com |
| 14 | |
| 15 | |
| 16 | /s/ Pat Denk<br>Judicial Assistant |

*SIGNED* (watermark)